IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTORIA ANDERSON,  §<br>  Plaintiff,  §<br> §<br>v.  §  Civil Action No. 3:17-CV-2851-N-BK<br> §<br>HOBI INT'L, CRAIG BOSWELL,  §<br>and CATHY HILL,  §<br>  Defendants.  § | |

**FINDINGS, CONCLUSION AND RECOMMENDATION**

Pursuant to *Special Order 3*, this case was referred to the undersigned magistrate judge for pretrial management. Plaintiff filed this *pro se* action on October 17, 2017. Doc. 3. Defendants filed their *Motion to Dismiss* on December 27, 2017. Doc. 12. Plaintiff was required to file her response, if she opposed the relief requested, by January 16, 2018, but she did not do so. *See* N.D. TEX. LOCAL RULE 7.1(e) (establishing deadlines for filing responses to motions). Due to Plaintiff's failure to respond to Defendants' dismissal motion, this Court ordered Plaintiff to respond to the motion no later than February 20, 2018, if she was opposed to the dismissal of her case. Doc. 15. That deadline has now passed, and Plaintiff did not respond as ordered.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff failed to respond to Defendants' dismissal motion and failed to comply with this Court's order directing a response. Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling her case. *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976). Here, the statute of limitations on Plaintiff's claims of employment discrimination and retaliation in violation of 42 U.S.C. § 2000e-5 expired on October 16, 2017, which was 91 days after she received her right to sue letter from the Equal Employment Opportunity Commission on July 18, 2017. 42 U.S.C. § 2000e-5f(1) (providing that an aggrieved person may file suit against an employer under Title VII within 90 days after receiving notice from EEOC); *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002) (citation omitted) (holding that Title VII requires a plaintiff to file a civil action 90 days after receiving the right to sue letter from the EEOC). Thus, dismissal of this claim without prejudice would have the same effect as a dismissal with prejudice.

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action with prejudice for, *inter alia*, failure to prosecute or comply with the rules of civil procedure. A Rule 41(b) dismissal is appropriate where there is a clear record of delay or contumacious conduct by the plaintiff, and the court finds that lesser sanctions would not suffice. *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992). Generally, the court must find one or more of the following aggravating factors: (1) delay attributable to the plaintiff, not to her attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Id.*

In this case, Plaintiff ignored Defendants' dismissal motion and the Court's order directing her to respond to the motion if she opposed the relief sought. Since Plaintiff is proceeding *pro se*, the delay caused by her failure to litigate her case is attributable to her alone. *Id.* In light of Plaintiff's intentional failure to respond to Defendants' motion and the Court's order, no lesser sanction will prompt diligent prosecution of this case. *Id.* Accordingly, the

Court should exercise its discretion to dismiss Plaintiff's Title VII claims under Rule 41(b) even if limitations may prevent further litigation of that claim.

    **SO RECOMMENDED** on March 9, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

    A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE